UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HARRY D. ASHBY and
LORRAINE ASHBY,**

    **Plaintiffs,**

**v.**                                          Case No. 8:09-cv-582-T-30MAP

**NATIONAL FREIGHT, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice or, in the Alternative, for Final Summary Judgment (Dkt. 8) and Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice or, in the Alternative, for Final Summary Judgment (Dkt. 14). The Court, having considered the motion and response, finds that Defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice or, in the Alternative, for Final Summary Judgment (Dkt. 8) should be granted.

## BACKGROUND

Defendant argues that it is entitled to entry of an order dismissing Plaintiffs' claims, with prejudice, pursuant to Rules 12(b)(6), 12(d) and 56(c) of the Federal Rules of Civil Procedure because Count I of Plaintiff's complaint is barred by a confidential settlement agreement and release entered into between Defendants and Plaintiff Harry D. Ashby

("Ashby") and Counts I and II of Plaintiff's complaint are barred under the workers' compensation exclusivity of Fla. Stat. §440.11.

Because the Court finds that Plaintiffs' claims are barred by Fla. Stat. §440.11, it will refrain from deciding whether the confidential settlement agreement and release bars Count I of the complaint. Also, because this Court must consider matters "outside the pleadings," it will treat Defendant's motion to dismiss as a motion for summary judgment. See Fed.R.Civ.P. 12(d).

## **FACTS**

Defendant National Freight, Inc. ("NFI") is a national transportation and logistics company. Ashby was a semi-tractor trailer driver employed by NFI between November 14, 2005 and May 11, 2007. During his employment, Ashby sustained an injury to his lower back due to the alleged unsafe and unsound condition of the driver's seat of one of Defendant's semi-trucks.

On March 15, 2007, Ashby reported a claim for workers' compensation benefits as a result of the lower back injury to his supervisor, Eric Gabel. According to the "First Report of Injury or Illness," the "Date of Accident" occurred on January 5, 2007. (Dkt. 9-2). On March 22, 2007, the claim administrator sent a letter to Ashby acknowledging his claim for benefits for an accident occurring on January 5, 2007. (Dkt. 8, Exhibit 2). On April 10, 2007, Ashby's claim for workers' compensation benefits was denied because: "The injured

worker failed to give notice of the accident/injury in accordance with the provisions of the Florida Workers' Compensation Act."[1] (Dkt. 9-3).

Plaintiffs now bring the present action alleging negligence against Defendant for the bodily injury Ashby sustained as a result of the unsound/unsafe driver's seat (Count I) and loss of consortium and companionship on the part of Ashby's wife Lorraine Ashby, as a proximate result of Ashby's injuries (Count II). In Count I of the complaint, Plaintiffs state that "Plaintiff, Harry D. Ashby, has made a claim for Workers' Compensation benefits which was denied." (Dkt. 2 at ¶10).

## **DISCUSSION**

### I.      **Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the court must examine

---

[1] The record reflects that Ashby's injury was actually sustained in August of 2006, approximately seven months prior to the "First Report of Injury or Illness," which erroneously states that the date of the accident occurred on January 5, 2007.

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## II. Legal Analysis

Under Fla.Stat. §440.11:

The liability of an employer prescribed in s. 440.10 shall be *exclusive* and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife,

parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except as follows:

(a) If an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee.

(b) When an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:

1. The employer deliberately intended to injure the employee; or

2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

(emphasis added). Thus, Fla.Stat. §440.11 immunizes an employer from further liability for an employee's workplace injury unless: (1) the employer fails to secure workers' compensation coverage; or (2) the employer commits an intentional tort. These exceptions are not at issue in this case.

An employer can be judicially estopped from claiming workers' compensation immunity if the denial of the workers' compensation benefits was due to the fact that the alleged injury or accident occurred outside the course and scope of employment. See Byerley v. Citrus Publishing, Inc., 725 So. 2d 1230 (Fla. 5th DCA 1999). Plaintiffs rely on

Byerley to support their argument that it would be inequitable for Defendant to deny coverage to Ashby and then claim that Ashby is barred from asserting a claim against Defendant under tort law.  Plaintiffs seem to argue a blanket rule that when an employee is denied workers' compensation benefits, the employee is entitled to sue his or her employer in tort.

Florida law, however, makes it clear that judicial estoppel is a narrow exception to workers' compensation immunity and only available when the employer attempts to take inconsistent positions.  For example, the employer in Byerley took inconsistent positions when it claimed that the employee's injury was outside the scope of employment and thus, did not fall under the Florida Worker's Compensation Act ("FWCA"), but then attempted to argue immunity under the FWCA when the employee brought a tort action against the employer for the same injury.

The facts of this case are distinguishable from Byerley.  Here, the denial of benefits was due to Ashby's failure to make a timely claim in accordance with the provisions of the FWCA.[2]  There was never a determination that the FWCA did not apply because the injury was outside the scope of employment.  As set forth in Tractor Supply Co. v. Kent, "[a]n essential requisite for invoking equitable estoppel is a representation by the party sought to be estopped to the other party as to some material fact, which representation is contrary to the condition of affairs later asserted by the party sought to be estopped."  966 So. 2d 978,

---

[2] See generally Fla.Stat. §440.185, which states that an employee must report his injury to his employer within 30 days after the date of or initial manifestation of the injury.

981 (Fla. 5th DCA 2007). As the court in Kent noted, clearly the employer in Byerley was estopped from claiming immunity when it took the position that the employee's injury did not occur within the scope of employment. Id. at 979-981; see also Coca-Cola Enterprises, Inc. v. Montiel, 985 So. 2d 19 (Fla. 2d DCA 2008). This argument is not available to Ashby, who, similar to the employee in Kent, could have litigated Defendant's denial of benefits in the workers' compensation action. Accordingly, Counts I and II of Plaintiffs' complaint must be denied because they are barred by Fla.Stat. §440.11.

## CONCLUSION

For the reasons set forth herein, it is hereby ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint With Prejudice or, in the Alternative, for Final Summary Judgment (Dkt. 8), construed as a motion for summary judgment, is hereby **GRANTED**.

2. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

3. The clerk is directed to **CLOSE** this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-582.finalmsj.wpd